The opinion of the court was delivered by
Watkins, J.
Alleging themselves to be the joint owners of certain real property situated in the city of New Orleans, and described in their petition, together with all of the buildings and improvements thereon, as well as all of the rights, ways, servitudes and privileges thereto appertaining, and also of the entire machinery, engines, boilers, loom, frames, shaftings, pulleys, elevator, etc., thereon situated — the whole constituting the plant and fixtures of said property — the petitioners represent that, on the 3d day of May, 1893, same was purchased for their account at sheriff’s sale, *871 and that the proces verbal of adjudication thereof was duly registered in the conveyance records of the parish of Orleans on the 19th of July, 1893.
That, upon examination of the tax records and the recorder’s office, they Arid certain assessments against the property, which, in their estimation, are null and void, and should be so adjudged and declared, and canceled and erased for the following reasons — same being summarized in the plaintiff’s brief, as follows, viz.:
“ The points for which we contend, and upon which we rely to establish the absolute nullity of the second assessment, are as follows, to-wit:
“ 1. That the assessment for machinery and appurtenances is a dual assessment, as this property is covered by the assessment of the real estate upon which it is located.
“2. That even if it be not a dual assessment, it is null and void, because it is an assessment of Axtures or immovables by destination separate from the real estate to which the same are attached.
“And even if the assessment be not entirely null and void, we claim that it does not operate a lien upon the property of the plaintiffs, for the reason that they acquired this property at sheriff’s sale before the taxes for the year 1893 had matured so as to become a lien.”
The prayer of the petition is, in substance, that the judgment of the court decree that the assessment placed by the Board of Assessors on the assessment rolls of 1893, for the sum of one hundred and twenty thousand six hundred dollars, “ on the jute factory, all machinery and appurtenances, locomotive and all other motive powers,” is absolutely null and void and of no effect; or that in the alternative, it decree that said assessment does not bear a lien and privilege upon said property; and that in the event both the assessment and lien be maintained, that the latter be so reduced as to correspond with the true value thereof.
The answer of the Board of Assessors and tax collector is a general denial.
On these issues the case was tried and judgment rendered in favor of the defendants, and the plaintiffs have appealed.
The case of the plaintiffs is very carefully stated in their counsel’s brief, and for the purpose of being accurate we extract the portion that is deemed most pertinent, to-wit: “That both *872 of said assessments are in the name of the Crescent Jute Manufacturing Company; that they are both on the same property; that all of the machinery, appurtenances and motive power of every description whatsoever, in the jute factory at the corner of Chartres and St. Ferdinand streets, are upon the real estate described in the first of said assessments, and are appurtenances and a part of said real estate, and are immovables by destination. That said assessment, upon the cash value of lands and lots of ground aforesaid, including buildings and improvements of whatever kind, assessed at twenty-nine thousand four hundred dollars, exhausted the power of the Board of Assessors, and that said second assessment is a duplicate or dual assessment, and therefore null and void; that the Crescent Jute Manufacturing Company, which was the owner of said property at the time when the assessment rolls of the parish of Orleans were exposed for inspection in the year 1893, applied for thq cancellation of said assessment to said Board of Assessors during the time prescribed by law, but that the assessors, nevertheless, failed to cancel the said assessment, and that the assessment is null, not only because it is a dual assessment, but also because the said machinery, motive power and everything included in said assessment of one hundred and twenty thousand six hundred dollars constitutes machinery and property employed in the manufacture of textile fabrics in a factory, wherein more than five hands are and were employed, and that the same is therefore exempt from taxation by Art. 207 of the Constitution, for the year 1879; that the sum of twenty-nine thousand four hundred dollars, at which the said real estate is assessed, is greater than the full market value of the real estate, and of all the machinery, appurtenances and improvements thereupon, including the property covered by said second assessment, and that the real value of all of said property, so assessed at twenty-nine thousand four hundred dollars, does not and did not at the time of the assessment exceed twenty thousand dollars; that even if the assessment on machinery was not a dual assessment, it is null and void because an assessment of improvements on real estate separate from the real estate upon which the same are located contrary to the laws of this State; that even if the assessment be declared to be a legal and valid assessment against the Crescent Jute Manufacturing Company, it is, nevertheless, inoperative, in so far as the property acquired by petitioners is eon *873 cerned, and does not bear a lien or privilege upon the same because the same was acquired by petitioners at sheriff’s sale, prior to the time when the same became a lien upon said property under the laws of the State of Louisiana.”
(a) The following is a verified copy of the assessment complained of, viz.:
u Assessment Roll for the Parish of Orleans, 1893.

The foregoing constitutes a single assessment, and is not in any. sense a dual or double assessment, or one that was made by piecemeal, and at different times or dates.
The roll — an extract from which is brought up in the original— plainly shows that under heading No. 1, “Cash value of all lands and lots * * including buildings and improvements of whatever kind,” the lots of ground and the buildings and improvements thereon belonging to the Crescent Jute Manufacturing Company, were assessed at twenty-nine thousand four hundred dollars; while under heading No. 13, “ All machinery and appurtenances, locomotive and all other motive power” belonging to said company were assessed at one hundred and twenty thousand six hundred dollars. This assessment was made in exact compliance with the blanks furnished to and in use by the parish assessors.
An examination of Sec. 1 of Act 106 of 1890 shows that the assessment was made in exact conformity to its provisions, the act in terms requiring an assessment of “ all real estate, with the buildings and improvements thereon or thereto attached,” as one item of *874 property that is subject to assessment; and separate and apart from this is the assessment of “engines, boilers, apparatus, appurtenances, appliances and attachments for steam, electric and other engines,” and the like. It matters not that a portion of the latter description of property was, at the time, immovable by destination, the Legislature was perfectly competent to authorize and require an assessment made in this manner, and it was the manifest duty of the revenue officers to accept it, and act under it as their guide.
(b) As the proof shows that all the properties assessed belonged to the Crescent Jute Manufacturing Company, and this establishment had not been actually engaged in manufacturing jute for at least two years prior to the assessment in question, same is not exempt from taxation under Art. 207 of the Constitution. But this exemption is not pressed in argument.
(c) With respect to the objection that was urged on the part of the Crescent Jute Manufacturing Company to the assessment previous to the sale of the plaintiffs, the preponderance of evidence shows the objection urged by the corporation was that it was not liable to assessment at all, and not that the assessment was based upon too great a valuation — consequently, -the Board of Assessors did not have before ■them for consideration the question of the reduction of the assessment at all.
One of the notices that was served on the president of the board will suffice. It is of the following tenor, viz.:
“ New Orleans, March 15, 1893.
“ Mr. J. M. Gleason, President Board of State Assessors, Parish of Orleans, City Hall:
■ “Dear Sir — I am instructed by our president, Mr. E. A. Behanj to say that we object to any taxes being levied against our factory, as our laws exempt manufactories in textile fabrics from any and all taxes.
“ The supposition that we made no continual runs last year does not debar us from benefaction, according to our legal adviser’s opinion.
“ Very respectfully,
“ Crescent Jute Manufacturing Company,
(Signed) “ Louis Moths, Secretary.”
In July, 1893 — long subsequent to the sale of its property to the plaintiffs — the secretary of the company addressed a communication *875 to the State Auditor, requesting the cancellation of the assessment, on the ground that the factory had been shut down for three years, and portions of the machinery had been used for other purposes, but this application was declined by the auditor, on account of his want of authority to make the cancellation.
As there was no preliminary application for the reduction of the assessment of the property of the Crescent Jute Manufacturing Company prior to the sale thereof to the plaintiffs, the latter can not now be heard to make complaint in a court of justice, that the assessment was erroneous or excessive. Shattuck & Hoffman vs. City, 39 An. 206.
(d) Under the law it was the duty of the assessors in the city of New Orleans to file with the recorder of mortgages a complete assessment roll by the 1st of June, and it is made the duty of the recorder of mortgages to immediately file said roll, and to retain and keep same among the records of his office — though the inscription thereof in the mortgage office “shall not operate as alien or mortgage upon the property until the 31st of December of the current year.” Secs. 31 and 32 of Act 106 of 1890.
But the following section qualifies the provisions of the former, thus:
“ That from the day the said tax roll is filed in said mortgage office it shall act as a lien upon each specific piece of real estate thereon assessed, which shall be subject to a legal mortgage after the 31st day of December of the current year,” etc. Sec. 33 of Act 106 of 1890. ~ •
Consequently, plaintiffs’ property is subject to the lien, if not to the legal mortgage of the statute — their deed of sale having been recorded on the 19th of July, subsequent to the filing of the assessment roll.
Judgment affirmed.